IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JASON LLOYD BAKER,** <br><br> **Plaintiff,** <br><br> v. <br><br> **M&M CAPITAL INVESTMENTS LLC et al.,** <br><br> **Defendants.** | Case No. 25-CV-00339-SEH-JFJ |

## OPINION AND ORDER

On the same day that he initiated this action, Plaintiff filed a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, [ECF No. 3]. However, Plaintiff did not use the Court's required form for such motions. *See* Local Rule LCvR3-2(a). Plaintiff's motion was, therefore, stricken for failure to use the required form, and Plaintiff was ordered to either submit the correct form motion or, alternatively, pay the required filing fees within 14 days. [ECF No. 5]. The Court warned Plaintiff that failure to comply may result in dismissal. [*Id.*]. Plaintiff did not comply with the Court's order, so the Court entered an order to show cause why this action should not be dismissed or, alternatively, to file either the correct form motion to proceed in forma pauperis or pay the applicable filing fee. [ECF No. 6]. The Court again

warned Plaintiff that failure to comply with the Court's order may result in dismissal. [*Id.* at 2]. Plaintiff did not respond to the Court's show cause order.

The Court may dismiss an action if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Although Rule 41(b) contemplates dismissal upon a motion, "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Because this action is dismissed without prejudice, the Court "need not follow 'any particular procedures'" in entering the dismissal order. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 n. 10 (10th Cir. 2007) (citation omitted).

Plaintiff's failure to submit the correct motion to proceed in forma pauperis, or alternatively, to pay the filing fees, leaves the Court unable "to achieve [an] orderly and expeditious" resolution of this action. *Cf. Link v. Wabash R.R.*, 370 U.S. 626, 629–31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). And as outlined above, the Court has provided Plaintiff sufficient notice of the possibility of dismissal if he did not comply with the Court's orders. Therefore, considering the Court's responsibility to manage its cases, the

Court finds that Plaintiff's failure to comply with the Court's orders, [ECF Nos. 5, 6], justifies dismissal of this action without prejudice.

Therefore, for the reasons explained above, the Court DISMISSES this action in its entirety WITHOUT PREJUDICE. A judgment will be entered separately.

DATED this 29th day of August, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE